United States District Court
Southern District of Texas
**ENTERED**
April 04, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENT AVERY ROBERSON, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-16-3319 |
| § | | |
| EQUIFAX INFORMATION § | | |
| SERVICES, LLC, *et al.*, § | | |
|     Defendants. § | | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Vacate Dismissal and for Leave of Court to File Second Amended Class Action Complaint ("Motion") [Doc. # 35] filed by Plaintiff Trent Avery Roberson, to which Defendants Equifax Information Services, LLC, Equifax Inc., Experian Information Solutions, Inc., Experian PLC, and Trans Union LLC filed a Response [Doc. # 36]. Plaintiff neither filed a reply nor requested additional time to file one. The Court has again reviewed the full record and the applicable legal authorities. Based on that review, the Court **denies** Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff in his Amended Complaint alleged that Defendants sold consumer reports "under Plaintiff's name to third parties for profit." *See* Amended Complaint [Doc. # 17], ¶ 36. Plaintiff alleged that he did not consent to Defendants' use of his

name for commercial purposes. *See id.*, ¶ 37. Plaintiff asserted that this conduct violated his "right to publicity and misappropriation" under Texas law. *See id.*, ¶ 44.

Defendants filed a Motion to Dismiss, which the Court granted by Memorandum and Order [Doc. # 33] and Final Dismissal Order [Doc. # 34] entered February 28, 2017. Plaintiff then filed his Motion, asking the Court to vacate the dismissal order and permit him to file a Second Amended Complaint as a class action. The Motion is now ripe for decision.

## II.  STANDARD FOR RECONSIDERATION

Although Plaintiff filed his Motion within twenty-eight days after entry of the Court's Final Dismissal Order, he seeks relief only pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) is a "residual or catch-all provision to cover unforeseen contingencies." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). However, relief is appropriate "only if extraordinary circumstances are present." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of

injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, __ U.S. __, 137 S. Ct. 759, 778 (Feb. 22, 2017) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-864 (1988)).

## III.  ANALYSIS

In his two-page Motion, Plaintiff quotes Rule 60(b)(6), but fails to allege extraordinary circumstances that would justify the requested relief from the Court's Final Dismissal Order. Indeed, Plaintiff failed to present any legal or factual basis for Rule 60(b)(6) relief. Nonetheless, the Court has again reviewed its Memorandum and Order and finds that it is correct and proper. The Motion to Vacate Dismissal is denied.

Plaintiff also cites Rule 15(a)(2) regarding amendments to pleadings. Rule 15(a)(2) provides that a party may amend his pleading with consent or leave of Court. Plaintiff concedes that he has already filed an Amended Complaint, and that Defendants have not given consent to the filing of a Second Amended Complaint. Plaintiff fails to present any legal or factual basis for post-dismissal leave to file a Second Amended Complaint as a class action. The proposed Second Amended Complaint, like the first Amended Complaint, lacks factual allegations that suggest Plaintiff's name has value associated with it, an essential element of a privacy claim

under Texas law. As a result, the Court denies Plaintiff's request for post-judgment leave to file the Second Amended Complaint.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to present a legal or factual basis for relief pursuant to Rule 60(b)(6) or under Rule 15(a)(2). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Vacate Dismissal and for Leave of Court to File Second Amended Class Action Complaint [Doc. # 35] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **April, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE